UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE McCLELLAN, Jr.,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KATHY ALLISON (Warden),<br>CSATF: CHIEF Executive Officer,<br><br>　　　　Respondent. | No. CV 12-2350 SVW (FFM)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED |

Petitioner, a prisoner in state custody proceeding *pro se*, constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition" or "Pet.") no earlier than March 8, 2012.[2] Petitioner challenges a 2008 conviction and sentence for "attempted murder with gang allegations." (Pet. at 2.) Petitioner does not allege that he sought direct review of his conviction with the California Supreme Court. (Pet. at ¶ 3.) However, a review of the California Appellate Courts website

---

[1]　A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

[2]　The Court received the Petition on March 13, 2012. However, petitioner's signature on the Petition is dated March 8, 2012. The Petition does not contain a proof of service stating when it was submitted to authorities for mailing.

reveals that petitioner filed a petition for review on direct appeal with the California Supreme Court on June 22, 2010 and that the petition was denied on September 1, 2010.[3]

### 1. LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a *certiorari* petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition. *See Clay v. United States*, 537 U.S. 522, 527-32 and nn.3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

In this case, petitioner does not appear to have filed a *certiorari* petition in the United States Supreme Court. (*See* Petition.) Thus, under section 2244(d)(1)(A), petitioner's conviction became final 90 days after the denial of the petition for review by the California Supreme Court. *See Clay*, 537 U.S. at 527-32 and nn.3, 4; 28 U.S.C. § 2101(d); Sup. Ct. R. 13.1. Although petitioner states that he did not seek review before the California Supreme Court, the California Supreme Court actually denied petitioner's petition for review on direct review on

---

[3]  *See* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1946380&doc_no=S183665.

1  September 1, 2010.  Therefore, petitioner's conviction became final on November
2  30, 2010.  Accordingly, the one-year limitations period expired on November 30,
3  2011.  *Patterson*, 251 F.3d at 1245-47.  Because petitioner did not initiate the
4  current proceedings until no earlier than March 8, 2012, the present action is
5  untimely, absent statutory or equitable tolling.  *See* 28 U.S.C. § 2244(d)(1); Fed.
6  R. Civ. Proc. 6(a).

7  **2.     STATUTORY TOLLING**

8         Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a
9  properly filed application for state post-conviction or other collateral review with
10 respect to the pertinent judgment or claim is pending shall not be counted toward
11 any period of limitation under this subsection."

12        The statute of limitations is not tolled between the date on which a
13 judgment becomes final and the date on which the petitioner filed his first state
14 collateral challenge because there is no case "pending."  *Nino v. Galaza*, 183 F.3d
15 1003, 1006 (9th Cir. 1999).  Once an application for post-conviction review
16 commences, it is "pending" until a petitioner "complete[s] a full round of [state]
17 collateral review."  *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003)
18 (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)).  "One full round"
19 generally means that the statute of limitations is tolled while a petitioner is
20 properly pursuing post-conviction relief, from the time a California prisoner files
21 his first state habeas petition until the California Supreme Court rejects his final
22 collateral challenge.  *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153
23 L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at
24 819.  The period tolled includes the time between a lower court decision and the
25 filing of a new petition in a higher court, as long as the intervals between the filing
26 of those petitions are "reasonable."  *Delhomme*, 340 F.3d at 819 (citing *Biggs*, 339
27 F.3d at 1048 n.1).
28

Here, petitioner does not appear to be entitled to any statutory tolling. Petitioner does not allege that he filed any habeas petitions.

### 3. EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible *and* the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner has not made any allegation that suggests that equitable tolling may be appropriate. Petitioner has made no showing of extraordinary circumstances or of diligence, therefore, petitioner has not demonstrated that he is entitled to equitable tolling.

### 4. ORDER TO SHOW CAUSE

Because the Petition does not demonstrate any basis for tolling the statute, the Court orders petitioner to show cause in writing within 15 days of the date of this order why the Petition should not be dismissed as time-barred. If petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred.

IT IS SO ORDERED.


DATED: March 29, 2012

                /S/ FREDERICK F. MUMM
                FREDERICK F. MUMM
              United States Magistrate Judge